# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

WANDA SUE BOWMAN            CIVIL ACTION NO. 06-0441 "P"

VS.            JUDGE JAMES

SOCIAL SERVICES, TENSAS PARISH,            MAGISTRATE JUDGE HAYES
ET AL.

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* on March 6, 2006, by *pro se* plaintiff, Wanda Sue Bowman. When she filed her complaint plaintiff was incarcerated at the Franklin Parish Detention Center, Winnsboro, Louisiana. However, she complained that she was falsely charged and convicted of unspecified criminal charges in Tensas Parish and she named various agencies and public officials in Tensas Parish as defendants. She was released from custody shortly after she filed the complaint.

On May 15, 2006, the undersigned completed an initial review of the complaint and, having found the complaint deficient, ordered the plaintiff to amend within thirty days of the date of the order. [doc. 4] Thereafter she filed several motions requesting an extension of time to amend her complaint. [see docs. 7, 10, 11, and 12] Each of her motions was granted; however, the order granting her final motion specified that she should amend her pleadings no later than November 20, 2006; the order further specified that plaintiff would be afforded no further extensions of that deadline. Plaintiff has failed to amend her complaint as ordered.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v.*

1

*Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff has been afforded ample opportunities to comply with the order of May 15, 2006, and amend her complaint. She has failed to do so.

Therefore, **IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 10th day of January, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE